HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEWART SHERMAN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>　　　　　　Defendant. | CASE NO. C16-5258-RBL<br><br>ORDER GRANTING MOTION TO DISMISS<br><br>[Dkt. #12] |

THIS MATTER is before the Court on Defendant JP Morgan Chase's Motion to Dismiss Sherman's complaint on *res judicata* and collateral estoppel grounds. [Dkt. #12]. Sherman borrowed $233,000 from Defendant JPMorgan Chase, secured by a Deed of Trust on his residence. In 2011, Sherman defaulted and his lender commenced a non-judicial foreclosure. Sherman sued in this Court in 2012. *See Sherman v JPMorgan Chase Bank*, Cause No. :12-cv-05357RBL. Those claims, based on the same Note and Deed of Trust and the same loan transaction, were dismissed with prejudice. [Dkt. #11 in that first case]. Sherman did not appeal.

Sherman sued JPMorgan Chase again in 2013, and Judge Settle dismissed his (, different but related, and still arising from the same transaction) claims, with prejudice. *See Sherman v. JPMorgan Chase Bank.* Cause No. :13-cv-05791BHS, Dkt. #22.

Sherman brought this third lawsuit in Pierce County, alleging claims arising out of the same 2010 loan transaction. JPMorgan Chase seeks dismissal, claiming that the claims were or could have been asserted in the two prior litigations, and are barred by both *res judicata* and collateral estoppel. [Dkt. #12]

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat a Rule 12(c) motion. *Vazquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*).

On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242,

247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

Under *res judicata*, "a final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that *were or could have been* raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980)(emphasis added).  The doctrine of *res judicata* bars a party from re-filing a case where three elements are met: (1) identity of claims; (2) final judgment on the merits; and (3) identity or privity between parties. *Frank v. United Airlines, Inc.*, 216 F.3d 845, 850, n. 4 (9th Cir. 2000); *Thompson v. King Co.*, 163 Wash. App. 184 (2011).

The doctrine of claim preclusion, or "true *res judicata*," provides that a final judgment establishes the full measure of relief that a plaintiff is entitled to for his or her claims or causes of action. Wright and Miller, Terminology of Res Judicata, *Federal Practice and Procedure* vol. 18 § 4402 (2d ed.) (quoting *Kaspar Wire Works, Inc. v. Leco Engr'g & Mach., Inc.*, 575 F.2d 530, 535–536 (5th Cir. 1978). When a final judgment is rendered, the claims that the plaintiff has brought or **could have brought** are merged into the judgment. After the claims are merged into the judgment, the plaintiff may not seek further relief on those claims in a separate action. *Id.*

The doctrine of issue preclusion, or collateral estoppel, is narrower in scope than claim preclusion. Collateral estoppel prohibits re-litigating issues that were actually adjudicated and necessarily decided in a prior litigation between the same parties. *Id.* Collateral estoppel treats contested questions of fact or law as already established if they were essential to the outcome of the previous judgment. *Id.*

Sherman's claims against JPMorgan Chase are barred by *res judicata*. The parties are the same, the subject matter is the same, and all of the claims (even if they are couched differently)

1  arise out of the same initial 2010 loan transaction. They are barred by the two prior, binding, final adjudications on the merits. The claims asserted now, even if they are slightly different than the prior claims, could and should have been asserted in the first case. Losing litigants do not get to "keep trying" after they have sued and lost.

The Motion to Dismiss is GRANTED, and this case is DISMISSED with prejudice and without leave to amend.

IT IS SO ORDERED.

Dated this 2nd day of September, 2016.

*Ronald B. Leighton*
Ronald B. Leighton
United States District Judge